STATE EX REL. GENERAL ELECTRIC COMPANY (Medical Systems Division), Appellant, v. DEPARTMENT OF INDUSTRY, LABOR & HUMAN RELATIONS (Equal Rights Division), and another, Respondents.*

*No. 75-5 (August Term, 1975). Argued May 7, 1975.—*
*Decided June 3, 1975.*
(Also reported in 229 N. W. 2d 597.)

---

* Motion for rehearing denied, without costs, on September 8, 1975.

For the appellant there were briefs by *Steve Enich* and *Charles H. Johnson,* both of Milwaukee, and oral argument by *Mr. Enich.*

For the respondent the cause was argued by *David C. Rice,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

BEILFUSS, J. The dispositive issue before us is whether the trial court either committed an error of law[1] or abused its discretion in quashing the petition for the writ of prohibition.[2]

A circuit court can exercise its constitutional supervisory powers by writ of prohibition[3] over an administrative tribunal. It can restrain an administrative tribunal for jurisdictional error and where extraordinary hardship would result if the proceeding is not restrained.[4]

While the basic question to be answered on this appeal therefore is whether the trial court committed error or abused its discretion in refusing to prohibit the proceedings, the employer raises several grounds which, it argues, compel the conclusion that prohibition should have been granted.

The employer first contends that the ERD is without subject-matter jurisdiction over this matter because: (1) It has no legal authority to administer the Fair Employment Act; (2) the proceeding cannot be com-

[1] *State ex rel. Schulter v. Roraff* (1968), 39 Wis. 2d 342, 349, 350, 159 N. W. 2d 25.

[2] *State ex rel. Beaudry v. Panosian* (1967), 35 Wis. 2d 418, 426, 151 N. W. 2d 48.

[3] *State ex rel. Thompson v. Nash* (1965), 27 Wis. 2d 183, 193, 133 N. W. 2d 769.

[4] *Drugsvold v. Small Claims Court* (1961), 13 Wis. 2d 228, 108 N. W. 2d 648.

menced after the discrimination has ceased; and (3) the matter is within the exclusive jurisdiction of the NLRB.

With respect to the authority of the ERD to administer the Fair Employment Act, secs. 111.31–111.37, Stats., the appellant cites the following statutes:

"15.22 **Department of industry, labor and human relations; creation.** There is created a department of industry, labor and human relations under the direction and supervision of the industry, labor and human relations commission."

"15.223 **Same; specified divisions.** (1) DIVISION OF EQUAL RIGHTS. There is created in the department of industry, labor and human relations a division of equal rights."

"15.221 **Same; program responsibilities.** The department of industry, labor and human relations shall have the program responsibilities specified for the department under chs. 101 to 106, 108 and 168, subch. VI of ch. 218 and ss. 32.19, 32.25 to 32.27, 45.50 (1), 47.40, 56.21, 66.191, 66.293, *111.33 to 111.36*, 132.13, 140.53, 140.56, 140.58, 140.59, 146.04, 146.085, 160.09, 160.10, 167.10, 167.11 and 167.27. In addition:

"(1) DIVISION OF EQUAL RIGHTS. The division of equal rights shall have the program responsibilities specified for the division under ss. 16.765, 101.22 and 101.222." (Emphasis added.)

"15.01 **Definitions.** In this chapter:
". . .

"(2) 'Division,' 'bureau,' 'section' and 'unit' means the subunits of a department, whether specifically created by law or created by the head of the department for the more economic and efficient administration and operation of the programs assigned to the department."

"15.02 **Offices, departments and independent agencies.** The constitutional offices, administrative departments and independent agencies which comprise the executive branch of Wisconsin state government are structured as follows:
". . .

"(4) INTERNAL ORGANIZATION AND ALLOCATION OF FUNCTIONS. The head of each department or independent agency shall, subject to the approval of the governor, establish the internal organization of the department or independent agency and allocate and reallocate duties and functions not assigned by law to an officer or any subunit of the department or independent agency to promote economic and efficient administration and operation of the department or independent agency. The head may delegate and redelegate to any officer or employe of the department or independent agency any function vested by law in the head."

"111.33 **Department to administer.** This subchapter shall be administered by the department of industry, labor and human relations. The department may make, amend and rescind such rules and regulations as are necessary to carry out this subchapter. The department may, by a commissioner or such agents or agencies as it designates, conduct in any part of this state any proceeding, hearing, investigation or inquiry necessary to the performance of its functions."

The employer concedes that the power and authority to administer the Fair Employment Act can be delegated, but contends that it must be done by official action, in writing, and as a matter of public record. No authority is cited for this proposition and we see no reason why the quoted statutory provisions relating to delegation should be so narrowly construed. The employer was clearly apprised of the delegation and its scope by the original notice of hearing, which provided in part:

"The hearing will be conducted by an Examiner who has been duly appointed and designated by the Department of Industry, Labor and Human Relations as its agent pursuant to Sections 101.23 and 111.23 of the Wisconsin Statutes (1971)."

The statute authorizes DILHR to delegate the authority and it specifically notified the employer it had done so. The Fair Employment Act outlines the procedure

to be followed. Under these circumstances there need not be a written public notice of delegation of authority. The circuit court was not in error in concluding the DILHR and its subunit ERD had jurisdiction over the subject matter of the complaint.

The appellant-employer asserts that the circuit court abused its discretion in quashing the writ because the employer will be subjected to undue hardship in the expenditure of time and funds in defending itself in the administrative hearing in view of the defenses it claims are not apparent.

In *Pasch v. Department of Revenue* (1973), 58 Wis. 2d 346, 357, 206 N. W. 2d 157, we stated:

". . . Appellant argues that the issue of the commission's jurisdiction should be finally determined before appellant is put to the expense and inconvenience of a lengthy proceeding before the commission . . . . We are mindful of the fact that much time and expense might be saved if the courts would decide at this time that the commission had exceeded its jurisdiction; however, this consideration is outweighed by the resultant delay that would accompany review of these agency determinations and the disruption of the agency's orderly process of adjudication in reaching its ultimate determination."

The appellant-employer asserts several jurisdiction, substantive law and procedural defenses to support its claim of hardship. It claims the discrimination had ceased and therefore the Fair Employment Act no longer has application; that the matter is within the exclusive jurisdiction of the National Labor Relations Board; that the collective bargaining agreement provides a remedy; that the proceeding is moot; that it is an improper class action; that the complaint is guilty of laches; that the claim is barred by the statute of limitations; that the orders to produce company records are overbroad and

unreasonable;[5] and that the hearing examiner has demonstrated a bias in favor of the claimant.

A reading of the briefs and record creates the impression some of these complaints may have some merit. As yet, however, no hearing has been held on the amended complaint. No record has been made as to the facts necessary to resolve some of these issues and, as to the others, the judicial review provided by the Administrative Procedure Act is sufficient to afford the employer an adequate review.

Sec. 227.20 (1), Stats., provides:

"**Scope of review.** (1) The review shall be conducted by the court without a jury and shall be confined to the record, except that in cases of alleged irregularities in procedure before the agency, testimony thereon may be taken in the court. The court may affirm the decision of the agency, or may reverse or modify it if the substantial rights of the appellant have been prejudiced as a result of the administrative findings, inferences, conclusions or decisions being:

"(a) Contrary to constitutional rights or privileges; or

"(b) In excess of the statutory authority or jurisdiction of the agency, or affected by other error of law; or

"(c) Made or promulgated upon unlawful procedure; or

"(d) Unsupported by substantial evidence in view of the entire record as submitted; or

"(e) Arbitrary or capricious."

No useful purpose will be served by a discussion of these defenses at this stage of the proceedings. Some

---

[5] While we do not rule on it here, the order to produce documents and records does seem overbroad. It requires extensive records going back to 1948, a period of over twenty-five years. It is difficult to believe the order is necessary or reasonable and certainly imposes a substantial burden upon the employer.

may be resolved at the prehearing conference and others after hearing before the ERD or the DILHR.

"If a proceeding of the nature involved here were allowed, administrative proceedings could be constantly interrupted and shifted back and forth between the agencies and the courts. While the employer is faced with a further hearing in this matter, to allow a proceeding of this nature would seriously hamper the efficient conduct of administrative proceedings. We think the better practice would be to have the examiner make a determination after hearing all of the testimony where he feels the issues cannot be separated and then have that determination reviewed in its entirety if review is necessary." *State v. WERC* (1974), 65 Wis. 2d 624, 637, 223 N. W. 2d 543.

It is our opinion that the circuit court did not err nor abuse its discretion in quashing the petition for a writ of prohibition. The order should be affirmed and the matter remanded to the department for further proceedings.

*By the Court.*—Order affirmed and cause remanded for further proceedings.